**Jorge LAZO–VELASQUEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–74805.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Rhoda Wilkinson Domingo, Law Offices of Rhoda W. Domingo, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Annette M. Wietecha, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM**

Jorge Lazo–Velasquez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

immigration judge's ("IJ") order denying Lazo–Velasquez's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Where the BIA adopts the IJ's decision while adding its own reasons, we review both decisions. *Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000). We review the agency's factual findings for substantial evidence, and reverse only if the evidence compels a contrary finding. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We review questions of law de novo. *Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir.2003). We deny the petition for review.

Lazo–Velasquez testified that members of the Guatemalan military searched for him after a 1992 barroom fight between Lazo–Velasquez and a military officer over the ongoing civil conflict in Guatemala. Lazo–Velasquez stated in his declaration that he is unsure if the military is still looking for him. The IJ concluded that Lazo–Velasquez's declaration and testimony did not establish an objectively reasonable basis for Lazo–Velasquez to fear persecution should he return to Guatemala. The record does not compel a contrary conclusion. *See Dinu v. Ashcroft,* 372 F.3d 1041, 1044–45 (9th Cir.2004) (holding that an investigation with legitimate basis is not persecution).

Lazo–Velasquez's contention that the IJ improperly required corroborating evidence is unfounded. Although the IJ mentioned there was no evidence regarding the ultimate fate of the military officer, she did not rely on the absence of such evidence to deny relief. In addition, as noted by the BIA, the IJ was pointing out the lack of any type of evidence showing the military is still looking for Lazo–Velasquez, not merely corroborating evidence.

Because Lazo–Velasquez failed to establish eligibility for asylum, he necessarily failed to satisfy the stricter burden of proof for withholding of removal. *See Dinu,* 372 F.3d at 1045.

The agency denied CAT relief on the ground that Lazo–Velasquez failed to present evidence that he likely would be tortured by Guatemalan officials or anyone acting with their acquiescence. The record does not compel a contrary finding. *See* 8 C.F.R. § 1208.16(c)(2).

**PETITION FOR REVIEW DENIED.**